UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRICK HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10CV 807 RWS(LMB) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This is an action under 42 U.S.C. § 405(g) for judicial review of defendant's final decision denying plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Currently pending is Defendant's Motion to Reverse and Remand and for Entry of Final Judgment with Suggestions in Support. (Document Number 18).

In his motion, defendant requests that the court reverse the decision of the Administrative Law Judge (ALJ) and remand this action pursuant to sentence four of 42 U.S.C. § 405(g). Defendant states in his motion that upon receipt of the court's remand order, the Appeals Council of the Social Security Administration will remand this case to an ALJ, who will be directed to adequately address whether plaintiff's pseudoseizures meet or equal Listing 11.02 or 11.03. The ALJ will be directed to obtain testimony from a medical expert in order to clarify this issue.

-1-

Defendant requests that the court enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing the decision of the ALJ and remanding this case to the Commissioner.

Plaintiff has filed a Reply to defendant's motion, in which he states that, while he agrees that remand is appropriate, he objects to the narrow scope of defendant's motion. (Doc. No. 20). Plaintiff argues that, if the ALJ on remand does not find plaintiff disabled following receipt of testimony from a medical expert as to Listings 11.02 and 11.03, the ALJ should produce a new residual functional capacity finding, adequately supported and discussed in the decision; and proceed to a new analysis at steps 4 and 5, if necessary.

Sentence four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." However, in order for the court to properly remand a case to the Commissioner pursuant to sentence four, the court must enter an order either affirming, modifying or reversing the Commissioner's decision. See Brown v. Barnhart, 282 F.3d 580, 581 (8th Cir. 2002).

The undersigned believes that it is appropriate to reverse and remand this case in order to permit the Commissioner to take further action as requested in his motion. If the ALJ determines that plaintiff is not disabled following receipt of testimony from a medical expert as to Listings 11.02 and 11.03, the ALJ should produce a new residual functional capacity finding, adequately supported and discussed in the decision; and proceed to a new analysis at steps 4 and 5, if necessary.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Reverse and Remand and for Entry of Final Judgment with Suggestions in Support (Doc. No. 18) be **granted**.

**IT IS FURTHER RECOMMENDED** that the decision of the Commissioner be **reversed** and this case be **remanded** to the Commissioner for further proceedings pursuant to sentence four of § 405(g) for those reasons set forth in this report and recommendation.

The parties are advised that they have fourteen (14) days to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Dated this  15th  day of March, 2011.

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE